THE STATE OF KANSAS v. MAN RAY.

WITNESS — *Impeachment— Contradictory Statement.* A witness cannot be impeached by showing that he has made statements out of the court on matters not relevant to the issues in the case differing from those made on the witness stand.   Nor can a witness be impeached by showing transactions not connected with the issue being tried which are denied by the witness.

*Appeal from Lyon District Court.*

MAN RAY, convicted of selling intoxicating liquors in violation of the prohibitory liquor law, appeals.   The material facts appear in the opinion herein, filed October 6, 1894.

*J. Jay Buck,* for appellant.

*John T. Little,* attorney general, and *W. C. Simpson,* county attorney, for The State.

The opinion of the court was delivered by

ALLEN, J.: The defendant was charged with violations of the prohibitory law, in three counts.   The first and second counts alleged sales of intoxicating liquors on September 18, 1893, and November 6, 1893.   The third count charged him with maintaining a nuisance.   He was convicted under the first and second counts, and acquitted as to the third.

Several errors concerning the introduction of testimony are alleged.   There was some evidence to identify the bottle, which was offered in evidence, and we do not think the court

erred in permitting it to be shown to the jury. The testimony offered for the purpose of overthrowing the testimony of the witness Davis was inadmissible. The circumstances sought to be shown by other witnesses had no necessary connection with the material facts of this case. Where it is sought to impeach a witness by showing declarations made out of court, inconsistent with his statements on the witness stand, such declarations must be with reference to matters material to the issue in the case. Whether Davis ever took alcohol or whisky in his pocket into Ray's place of business was entirely irrelevant to the issue in the case. The testimony with reference to the sale of the keg of beer to Zelotes Galliher ceases to have any importance in view of the verdict, which acquitted the defendant on the nuisance count, and convicted him only on the sales to Davis and Zoder Galliher. The verdict is sustained by direct and positive evidence, which the jury appear to have believed. We find no substantial error in the case, and the judgment is affirmed.

All the Justices concurring.