THE STATE v. CONNEHAM.

1. **Criminal Law**: MISDEMEANOR: APPEARANCE BY COUNSEL. An indictment for resisting an officer serving legal process charges a misdemeanor. In such case the defendant may appear by counsel and demand a trial, and it was error for the court to refuse a trial and order a forfeiture of the bond.

2. ————: APPEAL: FINAL ORDER. The order of forfeiture determined the defendant's liability on the bond, and was, in this case, a final order, from which defendant could appeal.

*Appeal from Story District Court.*

MONDAY, DECEMBER 12.

AT the September term, 1880, of the Story District Court the defendant was indicted for resisting an officer serving legal process, and at the same term he appeared in person and by counsel and waived arraignment and filed a plea of not guilty. The cause was thereupon continued to the February term, 1881, and the defendant gave bond for his appearance in the sum of

$200. At the February term, the defendant not appearing in person, his bond was forfeited, and judgment was rendered against the defendant for thirty dollars, the costs of suit. The defendant appeals. The material facts are stated in the opinion.

*Martin & Sellers* and *J. S. Frazier*, for appellant.

No argument for appellee.

DAY, J.—I. At the February term, 1881, the defendant's attorney filed a motion stating that the clerk of the court refused to issue subpœnas for the defendant's witnesses, and asking the court to require the clerk to issue subpœnas for five witnesses named. On February 3d this motion was sustained, and the clerk was required to issue subpœnas.

1. CRIMINAL law : misdemeanor : appearance by counsel.

On the 4th of February the defendant's attorney filed a motion and affidavit for a continuance till the next day, or to a subsequent term of the court, setting up the particular facts intended to be proved; that defendant was unable to obtain subpœnas until the third, and that by a mistake of the deputy sheriff the witnesses were not subpœnaed to appear on the fourth. The State filed no objections to the motion for a continuance. Thecourt thereupon overruled the motion for a continuance. The case was then called for trial, and the defendant did not appear in person, but appeared by attorney, who waived the defendant's personal appearance and announced himself ready for trial, and demanded a trial. The court refused to try the cause and forfeited the defendant's bond, and afterward, upon motion of the district-attorney, rendered judgment against the defendant for thirty dollars costs.

The offense for which defendant was indicted is a misdemeanor. Code, § 3960. Section 4351 of the Code provides: "If the indictment be for a misdemeanor, the trial may be had in the absence of the defendant, if he appear by counsel."

Under this statute it was competent for the defendant to appear by counsel and demand a trial. It was error for the court to refuse the defendant a trial and order a forfeiture of the bond. See also sections 4461 and 4497, which render it unnecessary that the defendant should be personally present at the rendition of the verdict or the pronouncing of a judgment in the case of a misdemeanor. If the defendant had been convicted and had failed to surrender himself in execution of the judgment, it would then have been a proper time for the forfeiture of his bond. Code, § 4596. This disposition of the case renders unnecessary a consideration of the other errors discussed.

II. The attorney-general submitted with the cause a motion to strike the case from the docket, and dismiss the appeal upon the ground that no judgment has been entered by said court. It is insisted in the motion that the order of forfeiture of the bonds is only preliminary to a suit upon the bond. The order of forfeiture, however, does determine the defendant's liability upon the bond, so far as that can be done in this case, and is, so far as this case is concerned, a final order. In order to get rid of this order, and obviate the necessity of defending an independent action upon the bond, we think the defendant may prosecute an appeal. Besides, a judgment for costs has been rendered against the defendant and execution directed to issue immediately thereon. This judgment is final and from that the defendant may appeal.

REVERSED.