## T. P. KENWORTHY *et al.* v. THE CITY OF EL DORADO.
### No. 290.

CRIMINAL PROCEDURE—*Forfeiture of Recognizance—Misdemeanor.* The personal presence of the defendant during a trial for misdemeanor, and before judgment, is not absolutely necessary, and it is error to take a forfeiture of the recognizance at a time when his presence is not required, over the objection of his attorneys, who appear and demand a trial.

Error from Butler district court; C. W. SHINN, judge. Opinion filed June 18, 1898. Reversed.

*H. W. Schumacher, E. N. Smith,* and *Lafayette Knowles*, for plaintiffs in error.

*T. A. Kramer*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : On the 20th day of May, 1891, T. P. Kenworthy was arrested, charged with a misdemeanor. He entered into a recognizance for his appearance. On the 4th day of June, 1891, the case was called for trial before the police judge of the city of El Dorado. The city appeared by its attorney ; the defendant, Kenworthy, did not appear in person but by his attorneys, who announced that the defendant was ready for trial and demanded that he be given a trial. The sureties on the recognizance of T. P. Kenworthy also appeared and demanded that the defendant be given a trial. The requests were refused and

a forfeiture of the bond taken. This action was commenced in the district court of Butler county against T. P. Kenworthy and his sureties for the forfeiture of the recognizance. The question presented is : When a person charged with a misdemeanor gives a recognizance for his appearance, can the court, on the day of trial, when the case is called, declare a forfeiture of the bond, over the objection of the person's attorney and sureties who appear and demand a trial?

Section 213, code of criminal procedure (Gen. Stat. 1897, ch. 102, § 213), provides :

"No person indicted or informed against for a felony can be tried unless he be personally present during the trial, nor can any person indicted or informed against for any other offense be tried unless he be present, either personally or by his counsel."

It is further provided by section 244, code of criminal procedure (Gen. Stat. 1897, ch. 102, § 244) :

"For the purpose of judgment, if the conviction be for an offense punishable by imprisonment, the defendant must be personally present ; if for a fine only, he must be personally present, or some responsible person must undertake for him to pay the judgment and costs ; judgment may then be rendered in his absence."

It is clear from the above section that the personal presence of the defendant at the time the forfeiture was taken, or during the trial, was not required. (*The State v. Baxter*, 41 Kan. 516.) If his personal presence was not required, it was error to take a forfeiture of the recognizance of the defendant over the objection of his attorneys, who were present demanding a trial.

Several errors are complained of, but for the reason given the judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views here expressed.