UNITED STATES v. KONO et al.

(First Division. Juneau. November 13, 1912.)

No. 803B (258KB).

1. BAIL (§ 75*)—CRIMINAL LAW (§ 27*)—FORFEITURE—APPEARANCE BY ATTORNEY.

The defendants were admitted to bail, charged with violating "An act for the protection and regulation of the fisheries of Alaska" (Act June 26, 1906, c. 3547, 34 Stat. 478 [U. S. Comp. St. Supp. 1911, p. 1226]). The penalty in case of conviction is "a fine not to exceed one thousand dollars or imprisonment at hard labor for a term of not more than ninety days, or by both such fine and imprisonment at the discretion of the court." The defendants were indicted, but appeared by attorney and not in person, and their bond was ordered forfeited. On motion to set aside the forfeiture, *held*, that the offense charged is a misdemeanor and not a felony; that the defendants had the lawful right to appear by attorney until after judgment is pronounced. Order of forfeiture set aside.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 309–312, 315–321; Dec. Dig. § 75;* Criminal Law, Cent. Dig. §§ 29–31; Dec. Dig. § 27.*]

2. BAIL (§ 75*)—FORFEITURE.

Under the provisions of the Alaska Code, a person charged with a misdemeanor need not be personally present until after the judgment is pronounced. At that time, if he is not personally present to render himself in execution or judgment, whatever it may be, his bail may be forfeited for nonappearance in compliance with his bond; but during all stages of the trial he may appear by counsel and not suffer any forfeiture.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 309–312, 315–321; Dec. Dig. § 75.*]

This is a motion to set aside an order heretofore entered in this cause forfeiting the bail of the defendants herein for

nonappearance for arraignment. In October, 1911, the defendants were held to answer a charge of violating section 5 of an act of Congress, entitled "An act for the protection and regulation of the fisheries of Alaska" (34 Stat. pt. 1, p. 479), and were admitted to bail in the sum of $50 each, which bail was furnished and the defendants discharged; thereafter, and during the month of May, 1912, the defendants were indicted by the grand jury of this division of the district at Ketchikan for the violation of the section of the statute last mentioned. Thereupon, and during the same term of court at which the indictment was returned by the grand jury, the counsel for the government moved the court to forfeit the bail of the defendants under and in accordance with section 237 of the Code of Criminal Procedure for the district of Alaska (Carter's Annotated Alaskan Codes, p. 85), which provides:

"That if, without sufficient excuse, the defendant neglect or fail to appear for arraignment, or for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered in its journal; and the undertaking of bail or the money deposited in lieu thereof, as the case may be is thereupon forfeited."

The court granted said motion and entered an order forfeiting the bail of the defendants.

Thereafter, and during the same term of court, the defendants, by their counsel, moved the court to set aside the order theretofore entered forfeiting the bail of the defendants, for the reason that the defendants were charged with a misdemeanor, and that they were during all of said time represented by counsel, and that said counsel were at all times ready to proceed with the trial of said cause and were authorized to appear for the defendants at the arraignment of said defendants and at the trial thereof.

Counsel for the United States contend that the offense charged in the indictment is a felony, and therefore the defendants should be present at all stages of the trial, including the arraignment, and their failure to appear personally for arraignment must ipso facto result in a forfeiture of their bail.

John Rustgard, Dist. Atty., of Juneau, and Roy V. Nye, Asst. Dist. Atty., of Ketchikan, for the United States.

Charles E. Ingersoll and Charles H. Cosgrove, both of Ketchikan, for defendants.

LYONS, District Judge. Section 70 of the Code of Criminal Procedure for the district of Alaska (Carter's Annotated Alaskan Codes, p. 56) provides:

"That, when the indictment is for a felony, the defendant must be personally present at the arraignment, but if it be for a misdemeanor only, and the defendant has been held to answer to the charge, his personal appearance is unnecessary, and he may appear by counsel."

Section 179 of the Code of Criminal Procedure for the district of Alaska (Carter's Annotated Alaskan Codes, p. 75) provides:

"That for the purpose of giving judgment, if the conviction be for a felony, the defendant must be personally present; but, if it be for a misdemeanor, judgment may be given in his absence."

It is obvious, therefore, under our practice a person charged with a misdemeanor need not be present personally until after the judgment is pronounced. At that time, if he is not personally present to render himself in execution or judgment, whatever it may be, his bail may be forfeited for nonappearance in compliance with his bond; but during all stages of the trial he may appear by counsel and not suffer any forfeiture.

"It has been held that, in order to prevent a forfeiture of bail, a personal appearance is required upon a felony charge upon a condition to appear and abide the judgment of the court, or where the order of the court is to appear in person to be arraigned. And the rule has been applied in certain jurisdictions in cases of misdemeanor. But ordinarily, in cases of this character, either the statute controls and appearance by attorney is sufficient, or the principle applies that the condition for appearance is for defendant's benefit, or the condition operates to secure compliance with the judgment." 5 Cyc. 121, 122.

"The personal appearance of the defendant during a trial for misdemeanor, and before judgment, is not absolutely necessary, and it is error to take a forfeiture of recognizance at a time when his presence is not required, over the objection of his attorneys, who ap-

pear and demand trial." Kenworthy et al. v. City of El Dorado, 7 Kan. App. 643, 53 Pac. 486; State v. Evans, 13 Mont. 239, 33 Pac. 1010; State v. Conneham, 57 Iowa, 351, 10 N. W. 677.

Section 237 of the Criminal Code, supra, provides "that if * * * the defendant neglect or fail to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court may be lawfully required," his undertaking of bail may be forfeited.

Since our statute provides that the defendant's presence in a trial for misdemeanor is not required until judgment is entered, his bond is not subject to forfeiture, providing he appears by counsel, until the entry of judgment. But it is conceded, however, by counsel for the United States, that a defendant may appear for arraignment and trial by counsel, providing the indictment charges him with a misdemeanor only, and that his bond is not subject to forfeiture for failure to appear personally during the trial; but they contend that the defendants in this case are charged with a felony. And it is conceded by counsel for the defendants that, if the indictment herein charges a felony, then their bail was properly forfeited for nonappearance personally. The serious question, therefore, is: Does the indictment herein charge a felony?

Section 13 of the act for the protection and regulation of the fisheries of Alaska, supra, provides, among other things:

"That any person, company, corporation, or association violating any of the provisions of this act or any regulation established in pursuance thereof shall, upon conviction thereof, be punished by a fine not exceeding one thousand dollars or imprisonment at hard labor for a term of not more than ninety days, or by both such fine and imprisonment, at the discretion of the court."

Section 184 of the Penal Code of the District of Alaska (Carter's Annotated Alaskan Codes, p. 40) provides:

"That crimes are divided into felonies and misdemeanors. A felony is a crime punishable with death, or which is or may be punishable by imprisonment in the penitentiary. Every other crime is a misdemeanor."

Does section 184, supra, authorize the court to imprison the defendants in the penitentiary in case of conviction?

"Only the express words of a statute, or their necessary implication, will render an offense a felony. For it is more gravely punishable than misdemeanor. Therefore, the statutory terms should be strictly construed for the protection of the accused." 1 Bishop's New Criminal Law, § 222.

"But an offense shall never be made a felony by any doubtful or ambiguous words, as when an act is prohibited under pain of forfeiting all that a man has or of forfeiting body and goods, or being at the king's will for body and goods, as such words will only make the offense a high misdemeanor. So, where the provision was that one assaulting another, as pointed out, should be deemed a felonious assaulter and punished by imprisonment, it was held not to create a felony, for the word 'felonious' may be applied to the disposition of the mind of the offender as aggravating a misdemeanor and not as descriptive of the offense." 1 Bishop's New Criminal Law, par. 3, § 622.

See Bishop on Statutory Crimes (3d Ed.) § 199, wherein the author, in the closing part of the section, says:

"But rarely will any court so extend an enactment by construction as to involve penal consequences not within its express words."

United States v. Doo-noch-keen, 2 Alaska, 624, on pages 627, 628, wherein the court used the following language:

"Where the statute prescribing a penalty is susceptible of two constructions, that construction which is most favorable to the defendant must be given by the court. Brooks v. People [14 Colo. 413], 24 Pac. 553."

It will be observed that section 13 of the act for the protection and regulation of the fisheries of Alaska, supra, provides for the imprisonment at hard labor for a term of not more than 90 days. The statute does not direct the place of imprisonment, but section 184 of the Alaska Penal Code, supra, provides that a felony is punishable by imprisonment in the penitentiary. Under the foregoing authorities, it is apparent, therefore, that, if the words "hard labor" were not a part of the punishment, there could not be any question but what the place of imprisonment would be the federal jail, for when the word "imprisonment" is used in the statute, without modification, it means imprisonment in jail, unless the statute provides that the place of confinement shall be the penitentiary. Do the words "at hard labor," superadded to the penalty, therefore, make a felony out of an offense which would otherwise

be a misdemeanor? In re Bannon & Mulkey v. United States, 156 U. S. 464, at page 467, 15 Sup. Ct. 467, at page 469 (39 L. Ed. 494), the court said:

"The word 'felony' was used at common law to denote offenses which occasioned a forfeiture of the lands or goods of the offender, to which capital or other punishment might be superadded according to the degree of guilt. 4 Bl. Com. 494, 495; 1 Russell on Crimes, 42. Certainly there is no intimation to the contrary in the Mackin Case which was put wholly upon the ground that, at the present day, imprisonment in a state prison or penitentiary, with or without hard labor, is considered an infamous punishment. If such imprisonment were made the whole test of felonies, it would necessarily follow that a great many offenses of minor importance, such as selling distilled liquors without payment of the special tax, and other analogous offenses under the internal and customs revenue laws, would be treated as felonies, and the persons guilty of such offenses stigmatized as felons. The Cases of Wilson, 114 U. S. 417 [5 Sup. Ct. 935, 29 L. Ed. 89], and Mackin, 117 U. S. 348 [6 Sup. Ct. 777, 29 L. Ed. 909], prescribe no new definition for the word 'felony,' but secured persons accused of offenses punishable by imprisonment in the penitentiary against prosecution by information, and without a preliminary investigation of their cases by a grand jury. By statute in some of the states the word 'felony' is defined to mean offenses for which the offender, on conviction, may be punished by death or imprisonment in the state prison or penitentiary; but, in the absence of such statute, the word is used to designate such serious offenses as were formerly punishable by death, or by forfeiture of the lands or goods of the offender. Ex parte Wilson, 114 U. S. 417, 423 [5 Sup. Ct. 935, 29 L. Ed. 89]."

See, also, Considine v. United States, 112 Fed. 342, 50 C. C. A. 272, wherein the court said:

"Revised Statutes, § 5478 [U. S. Comp. St. 1901, p. 3696], making the breaking into a post office a crime punishable by a fine and by imprisonment at hard labor for not more than five years, creates a purely statutory offense 'against the operation of the government,' which was unknown to the common law, and is therefore not within the class of crimes known as felonies in the common law, and, in the absence of any definition in the statute, must be classed as a misdemeanor, and not a felony."

In the case last cited, notwithstanding the statute provides for a long period of imprisonment at hard labor, the court nevertheless held that the crime was a misdemeanor, and that the words "at hard labor," which is made part of the punishment, could not make a crime a felony which would otherwise be a misdemeanor. So also Morris v. United States, 161

Fed. 672, 88 C. C. A. 532; State of Rhode Island v. Murphy, 17 R. I. 698, 24 Atl. 473, 16 L. R. A. 550; Hume v. United States, 118 Fed. 689, on page 698, 55 C. C. A. 407, on page 416, wherein the court said, among other things:

"A crime may be 'infamous,' within the meaning of the fifth amendment of the Constitution, and yet not be a felony."

The distinguishing characteristic of a felony at common law in case of a noncapital offense is the forfeiture of the property of the defendant. Considine v. United States, supra; Hume v. United States, supra; Bannon & Mulkey v. United States, supra.

"In a statute creating or defining offenses, the language usually expressly indicates whether the offense is to be deemed a felony or misdemeanor, and for practical purposes it may be stated that those crimes which, by the common law, were punishable capitally or which are expressly made felonies by statute are now to be considered of that class, while all other criminal offenses are to be deemed misdemeanors, and no offense is to be deemed a felony unless it comes within this description." 1 McLean on Criminal Law, § 18.

It is contended by counsel for the government that any crime which is punishable at hard labor is an infamous crime, and therefore a felony, and they cite Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89, to sustain that proposition. But Ex parte Wilson is fully explained in the latter case of Bannon & Mulkey v. United States, supra, wherein the court clearly distinguishes between an infamous crime and a felonious crime. Any offense which is or may be punishable by imprisonment in the penitentiary is an infamous offense, but not necessarily a felony at common law or within the meaning of the fifth amendment of the Constitution of the United States.

It may be contended, however, that the foregoing authorities are not controlling in this case, for the reason that there was, at the time of the rendition of the opinions in such cases, no provision of the federal statute defining a felony, and therefore that the courts were compelled to resort to the common law for a definition of such an offense; but that our local

statute defines a felony to be a crime punishable by death or sentence in the penitentiary. It is true that our statute defining a felony supersedes the common law, and that the authorities referred to are cited only for the purpose of showing that an infamous offense is not necessarily a felony, within the meaning of the fifth amendment of the Constitution, and that the adding of hard labor to the penalty of any offense does not necessarily make such offense a felony. As before stated, the test of a felony at common law is the forfeiture of life or of property. The test of a felony under our statute is the death penalty or punishment in the penitentiary. Consequently neither under the common law nor under our statute does the character of employment of the person convicted in any manner aid in the determination of whether or not the crime is a felony or a misdemeanor. In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149, the Supreme Court of the United States said:

"When a person accused of crime is convicted in a court of the United States and is sentenced by the court, under Revised Statutes, § 5356 [U. S. Comp. St. 1901, p. 3638], to imprisonment for one year and the payment of a fine, the court is without jurisdiction to further adjudge that imprisonment shall take place in a state penitentiary under Revised Statutes, § 5546 [U. S. Comp. St. 1901, p. 3723], and the prisoner, if sentenced to be confined in a state penitentiary, is entitled to a writ of habeas corpus directing his discharge from the custody of the warden of the state penitentiary, but without prejudice to the right of the United States to take any lawful measures to have the petitioner sentenced in accordance with law upon the verdict against him."

See, also, In re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107.

The two cases last cited, sustain the proposition that a statute, authorizing the court to impose a sentence of imprisonment on a person convicted of a crime, must be executed by sentencing the defendant to jail, unless the statute expressly authorizes his incarceration in a state prison or penitentiary. Those opinions are in conformity with the theory that, if the Legislature intended the defendant to be imprisoned in the penitentiary, it would have so expressly declared. So, under

our statute, the word "imprisonment" must be held to mean confinement in jail, unless the statute expressly provides for imprisonment in a penitentiary.

In Re United States v. Barnes, a criminal action tried in this court in 1910, the defendant was convicted of a violation of section 3893, R. S. (U. S. Comp. St. 1901, p. 2658), as amended, and was sentenced by Judge Cushman to be confined in the federal jail at Juneau for a period of six months at hard labor and to pay a fine to the United States of $400. The crime for which the defendant was convicted is by statute expressly made a misdemeanor, notwithstanding the fact that the punishment provided is a fine of not more than $5,000, or imprisonment at hard labor for not more than five years, or both, at the discretion of the court. It is obvious, therefore, that the Congress of the United States, as well as the Supreme Court of the United States, have not considered the words "at hard labor" a distinguishing characteristic of a felony; nor does it seem reasonable that Congress ever intended to make illegal fishing in Alaska a felony, for, if such had been its intention, it certainly would have provided for a greater maximum punishment than a thousand dollar fine and 90 days imprisonment. Counsel for the government cite United States v. Alaska Packers' Association, 1 Alaska, 217, wherein Judge Brown held that the crime charged in the indictment herein is a felony; but the court in that case assigns no reason why it should be considered a felony, and cites no authority to support the views of the court. It is further urged on behalf of the United States that under and by virtue of our statute there is no provision for employing prisoners serving sentences in federal jails at hard labor. Judge Cushman, however, in the case of the United States v. Barnes, supra, entertained a contrary view. Section 201 of the Penal Code of the district of Alaska (Carter's Annotated Alaskan Codes, p. 42) provides, among other things:

"That the United States marshal for said district may, under such regulations as the Attorney General may prescribe, employ or cause to be employed upon public works any and all persons sentenced to imprisonment in the jails or the penitentiary within said district."

If the contention of counsel for the government were tenable, no prisoners sentenced to serve a term in the penitentiary in the district of Alaska could be employed at hard labor. But the language of the section of our Code, just quoted, provides that all prisoners confined in jails or penitentiaries in Alaska may be employed upon public works by the United States marshal under authority of the Attorney General of the United States. It follows, therefore, that, when a prisoner is sentenced by any court of Alaska to imprisonment in a federal jail at hard labor, he may be and can be under our statute employed at such labor within such institution, and the sentence be fully executed according to law.

For the reasons herein assigned, the order of forfeiture heretofore entered should be set aside, and an order is directed to be entered herein to that effect.