THE STATE OF KANSAS, *ex rel. J. P. Clark, etc.,* v. PETER FISHBACK AND ANNA FISHBACK.

No. 16,097.   (100 Pac. 656.)

SYLLABUS BY THE COURT.

1. CONTEMPT—*Accusation—Violation of Intoxicating-liquor Injunction.* An accusation for contempt of court, filed in a suit brought to suppress a nuisance under the prohibitory liquor law, which charges defendants with keeping a place where intoxicating liquors were sold and persons permitted to resort for the purpose of drinking such liquors in violation of a temporary injunction, need not state the names of the persons to whom sales were made or the kind of liquors sold.

2. ——— *Justification—Error in the Injunction Suit.* A party

to a suit will not be permitted to disobey an order of the court on the ground that the court committed error in the proceedings.

Appeal from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed March 6, 1909. Affirmed.

*Fred S. Jackson,* attorney-general, and *W. A. Ayres,* county attorney, for The State.

*John W. Adams,* for appellants.

The opinion of the court was delivered by

PORTER, J.: The appellants were adjudged guilty of an indirect contempt of court in disobeying a temporary injunction issued under the prohibitory liquor law. They were sentenced to fines and imprisonment, and bring these proceedings to reverse the judgment.

It is claimed that the accusation is indefinite in not stating the names of the persons to whom the sales were made in violation of the injunction or the kind of liquors sold. The offense charged in the accusation, however, was not the sale of intoxicating liquors contrary to the statute prohibiting sales, but the violation of an order of the court. The accusation was sufficiently definite and clear in charging that the defendants, after having been served with the temporary injunction, kept and maintained a place where intoxicating liquors were sold and persons permitted to resort for the purpose of drinking such liquors in violation of the court's command. The accusation need not possess the formalities of an indictment or information. (*The State v. Forner,* 75 Kan. 836, 89 Pac. 674.) The gist of the offense was the violation of the injunction, and it was therefore unnecessary to state the names of the persons to whom sales were made or the kind of liquors sold.

It is also claimed that as to Anna Fishback the accusation was insufficient because in the original complaint she is only charged with being the owner of the premises with knowledge of the unlawful purpose for which

the place was used. It is therefore urged that the temporary injunction against her was broader than the complaint, and that the court was without power to enjoin her from keeping or maintaining a place, etc. But the same order was in fact made against her that was made against the other defendant. The court had jurisdiction of both, and if the temporary injunction against her was too broad she should have taken steps to have it set aside. It will not do to permit a party to a suit to disobey an order of the court on the ground that the court has committed error in the. proceedings.

There is no merit in the contention that because the accusation was not filed ten days before the first day of the term the contempt proceeding was not triable until the next term of court. The proceeding is a part of the injunction suit. (*The State v. Thomas*, 74 Kan. 360, 86 Pac. 499.) In the absence of a statutory requirement to the contrary the court may fix the time when contempt proceedings shall be heard. (9 Cyc. 46.)

What has been said in respect of the sufficiency of the accusation disposes of the remaining claims of error. The judgment is affirmed.