Nos. 19,441 and 19,442.

THE STATE OF KANSAS, *Appellee,* v. SIMON FRISHMAN et al. (W. P. SULLIVAN and JAMES MURRAY, *Appellants*).

SYLLABUS BY THE COURT.

LIQUOR LAW—*Nuisance—Injunction—Contempt—Description of Premises.* A temporary injunction described the lots as in block 44. The permanent injunction described them as in block 40, but expressly made the temporary injunction permanent. Two accusations charged the defendants with contempt by violating the permanent injunction covering the lots in block 44. Both accusations were heard the same day, when the journal entry was amended *nunc pro tunc* correcting the error in the description. *Held,* that such error constituted no defense.

Appeals from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed December 12, 1914. Affirmed.

*Floyd E. Harper,* and *James B. Kelsey,* both of Leavenworth, for the appellants.

*John S. Dawson,* attorney-general, *James P. Coleman,* assistant attorney-general, and *Malcolm N. McNaughton,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendants were adjudged guilty of contempt for having violated an injunction, and appeal, claiming that whatever they did was upon other premises than those covered by the order. In September, 1908, a petition was filed against certain defendants alleged to be maintaining a nuisance on lots 30, 31 and 32 in block 44, city of Leavenworth, and charging that on such real estate a two-story brick business building, known as 301 Shawnee street, was located, in which building such nuisance was maintained. A temporary injunction was granted by which the defendants were enjoined from maintaining a nuisance on lots 30, 31 and 32 in block 44, the order embracing none but the defendants, their agents, employees and successors. In April, 1909, a permanent injunction was granted describing lots 30, 31 and 32 in block 40 and adjudging that a nuisance had been maintained thereon, and enjoining the defendants, their agents and all persons whomsoever from keeping a nuisance on such premises. A part of the order was that the temporary injunction be made permanent and perpetual. In the accusations these defendants were charged with having, in violation of the permanent injunction, maintained a nuisance on lots 30, 31 and 32, block 44, and in the buildings and places appurtenant thereto.

It is quite clear that the original temporary injunction covered certain lots in block 44 and while it is

very likely that the permanent injunction was intended to cover the same lots it in fact covered lots of the same number in block 40, the finding of the court being that the defendants had maintained a nuisance, not on block 44, but on block 40, and hence they were permanently enjoined from continuing the same. The fact that the order included making the temporary injunction permanent indicates more strongly a mistake in the number of the block, unnoticed, than an intention to decree a permanent injunction against one piece of property, and a temporary injunction against another on which no nuisance had been found to exist.

In case No. 19,442, it having been shown that the St. Elmo hotel was situated on block 44, leave was asked to amend the accusation to conform to the proof and such leave was granted, and it appears that upon showing to the court that the original petition prayed for an injunction on block 44 and that the original entry showed a judgment against block 40 an order was asked *nunc pro tunc.*

"To the *nunc pro tunc* order the attorney for the appellants objected and insisted that the appellants be dismissed, to which the court ruled the contrary and held that the injunction was on lots 30, 31 and 32 in block 44, Leavenworth city proper."

We suppose this means that the trial court granted the order *nunc pro tunc* and amended the journal entry to cover block 44 only, and we do not see how the defendants in No. 19,442 have been materially prejudiced. No such suggestion appears in case No. 19,441, but the accusations in both cases were heard on the same day and the corrected journal entry—if any correction was necessary—gave the defendants full opportunity to meet the real issue without mistake or misunderstanding. At all events, the temporary injunction correctly described the lots and the permanent injunction expressly made the temporary order perpetual, and as there was evidence to support the accusations in other

respects the defendants can not escape because the lots were not twice correctly described in the journal entry. (*The State v. Porter*, 76 Kan. 411, 91 Pac. 1073; *The State v. Fishback*, 79 Kan. 679, 100 Pac. 656; *The State v. Pittsburg*, 80 Kan. 710, 104 Pac. 847, 25 L. R. A., n. s., 226, 133 Am. St. Rep. 227; *The State, ex rel., v. City of Coffeyville*, 90 Kan. 164, 133 Pac. 711; 23 Cyc. 856; Note, 20 Ann. Cas. 118.)

The judgments are therefore affirmed.