No. 19,128.

M. I. NICHOLS, *Appellee*, v. PATRICK QUINN, *Appellant.*

SYLLABUS BY THE COURT.

1. PROCEEDINGS IN AID OF EXECUTION—*Indirect Contempt—Accusation Need Not be Verified.* In a prosecution for an indirect contempt it is not necessary that the accusation be verified where a preliminary affidavit has been filed setting forth defendant's failure to comply with the court's order.

2. SAME—*Court Takes Judicial Notice of Previous Steps Taken.* In such proceeding the court takes judicial notice of previous steps taken in the cause, and it is not necessary to introduce in evidence the order which defendant is charged with having disobeyed.

3. SAME—*Statute—Concealment of Property—Failure to Apply Property to Satisfaction of Judgment.* Section 524 of the civil code authorizes the court in proceedings in aid of execution to make an order requiring the defendant to turn over his property toward satisfaction of the judgment, without a finding that defendant is concealing his property; it is sufficient if there is a finding that he has property which he unjustly refuses to apply in satisfaction of the judgment.

Appeal from Cherokee district court; S. C. WESTCOTT, judge *pro tem.* Opinion filed April 10, 1915. Affirmed.

*C. B. Skidmore,* of Columbus, for the appellant.

*J. N. Dunbar, A. H. Skidmore,* and *S. L. Walker,* all of Columbus, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In the district court the plaintiff obtained a judgment against the defendant. In subsequent proceedings in aid of execution the court made a finding that in violation of an order prohibiting him from transferring any of his property the defendant had deposited in bank a sum of money in the name of his wife which was in fact his own; that he had on his person the sum of $5 in cash, and a gold watch, and in his possession a team of horses which belonged to him.

The court thereupon ordered him to deliver the money within thirty days to the clerk of the court, and to turn over to the sheriff the other personal property, or enough of the same to pay the balance of the judgment and costs. The order was made on the 6th day of January, 1913. On May 5, 1913, the plaintiff filed an affidavit setting forth the failure of the defendant to comply with the order and asking that an attachment issue for the defendant's arrest. The order was issued and defendant was brought before the court, whereupon a written accusation was filed by plaintiff reciting the proceedings and previous order of the court and alleging that the defendant had refused to comply with the order. There was a hearing on the accusation, evidence taken, and the court adjudged the defendant guilty of an indirect contempt of court and committed him to the county jail until such time as he complied with the order or paid the judgment and costs. From this judgment the defendant appeals.

The first and second claims are, that the court erred in making the order of January 16, 1913, requiring defendant to pay over the money and deliver the property to the sheriff, and the refusal of the court to set this order aside. These might be disposed of summarily on the ground that nothing is involved in the appeal except the contempt proceedings. However, the objections raised to the proceedings are untenable. The order is not void for uncertainty. It was not necessary to recite the amount due on the judgment; that was a matter of record. Nor was it necessary for the order to state that the defendant was able to pay the judgment. He was directed to turn over the property, or enough of it to satisfy the judgment. The order was sufficiently specific in describing the property which the defendant had in his possession and control. It is urged that the court had no power to make the order unless it should be first found that defendant was concealing the property. There is no statutory provision which requires

such a finding. The statute authorizes the court to make an order of this kind when "the judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment." (Civ. Code, § 524.)

The third and fourth claims of error may be considered together. They are based on the refusal of the court to strike the accusation from the files and the overruling of a motion to quash the accusation. The ground urged in support of both contentions is the same; that the accusation was not verified. There is no express provision of the statute that the accusation shall be verified. The only verification which the statute in terms requires is that of the preliminary affidavit for the issuance of the attachment authorizing the arrest. This provision was complied with. The statute requires "a written accusation setting forth succinctly and clearly the facts alleged to constitute such contempt," and the accused is then required to answer. (Gen. Stat. 1909, § 2486.)

In *The State v. Forner,* 75 Kan. 836, 89 Pac. 674, and *The State v. Fishback,* 79 Kan. 679, 100 Pac. 656, the prosecutions were for indirect contempt in violating orders of the court under the prohibitory law. It was held that the statute does not contemplate that the accusation should have all the formality of an information. The cases cited by the defendant, *The State v. Henthorn,* 46 Kan. 613, 26 Pac. 937, and *In re Smith, Petitioner,* 52 Kan. 13, 33 Pac. 957, are not in point for the reason that in neither of them was there an affidavit or accusation of any kind filed. In the present case the preliminary affidavit authorized the issuance of an order for the arrest of the defendant, and when he was brought before the court and the accusation was filed the court was authorized to hear and determine the accusation upon the testimony as produced. (Gen Stat. 1909, § 2486.)

The fifth contention, that the whole proceeding must fail because the original order which the defendant was

charged with having violated was not introduced in evidence, is without merit. The inquiry respecting the contempt was a part of the proceeding in aid of execution in which the order was made. In *The State v. Thomas,* 74 Kan. 360, 86 Pac. 499, which was a proceeding under the prohibitory law for the violation of an injunction order, and criminal in its nature, it was held that there was no necessity for introducing in evidence the order which was a part of the files of the case, and that the court will take judicial notice of the previous steps taken in the cause. We find no substantial ground for the claim that the proceedings were irregular or that the court exceeded its authority in making the orders complained of.

The judgment is affirmed.