THE STATE OF KANSAS V. FRANK FORNER.

No. 15,136   (89 Pac. 674.)

THE STATE OF KANSAS V. WILLIAM FORNER.

No. 15,137   (89 Pac. 674.)

SYLLABUS BY THE COURT.·

CRIMINAL PROCEDURE—*Misdemeanor—Arraignment.* In a prosecution for a misdemeanor the failure to arraign defendant is not an omission which will entitle him to a new trial or require a reversal.

Appeals from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed March 9, 1907. Affirmed.

*Fred S. Jackson,* attorney-general, and *John S. Dawson,* assistant attorney-general, for The State.

*Frank M. Sheridan,* and *Mulvane & Gault,* for appellants.

The opinion of the court was delivered by

PORTER, J.: These cases differ in but one respect from that of *The State v. Taylor, ante,* p. 417, with which they were submitted. ·An additional claim of error is based upon the failure of the state to have appellants arraigned.

The authorities differ upon the question whether in prosecutions for misdemeanors arraignment is required. (2 Encyc. Pl. & Pr. 764, and cases cited.) The modern tendency is toward relaxing the severity of the ancient rules in criminal trials, especially in the lesser grades of felonies and in misdemeanors. Our criminal procedure requires a person charged with a felony to be personally present at the trial, but if the charge be a misdemeanor he need not be present, provided he appears by counsel. (Crim. Code, § 207; Gen. Stat. 1901, § 5649.) In *The State v. Baker,* 57 Kan. 541, 46 Pac. 947, the failure to arraign defendant in case of a felony was held prejudicial error, but it was

there said: "In some cases a formal arraignment may not be indispensable, but in every case there must be a plea or the equivalent of one." (Page 545.)

From the records here it appears that in each case appellant announced himself ready for trial and the trial proceeded to a conclusion without any objection that there had been no arraignment. The case of *The State v. Cassady*, 12 Kan. 550, was a prosecution for a felony. Upon a similar state of facts it was held that the omission to arraign was not one which would entitle defendant to a new trial, and in *The State v. Glave*, 51 Kan. 330, 33 Pac. 8, also a felony case, it was held that defendant might under certain circumstances waive arraignment.

We now hold that in a prosecution for·a misdemeanor the failure to arraign defendant is not an omission which will entitle him to a new trial or require a reversal.

The other assignments of error are ruled by the decision in the case of *The State v. Taylor, supra.*

The judgment is affirmed.