THE STATE OF KANSAS, *Appellant,* v. H. B. JOHNSON
*et al., Appellees.*

No. 16,517.

SYLLABUS BY THE COURT.

APPEARANCE BOND—*Forfeiture—Appearance by Attorney—
Discretion.* In a criminal case pending before a justice of
the peace on a charge of misdemeanor, where a continuance
has been granted and the defendant has been released upon
a bond given to secure his attendance at a certain day and
hour, at which time the case is set for trial, it is within the
discretion of the court, if the defendant appear only by at-
torney at the time and place specified for trial, to proceed
with the trial or to refuse to proceed and to forfeit the bond.

Appeal from Franklin district court; CHARLES A.
SMART, judge. Opinion filed May 7, 1910. Reversed.

*Fred S. Jackson,* attorney-general, and *W. B. Pleas-
ant,* county attorney, for the appellant.

*F. A. Waddle,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: This action was brought in the district
court of Franklin county, by the county attorney, in
the name of the state. The petition alleged all the
facts stated in the agreed statement of facts herein-
after set forth, and had attached thereto as an exhibit
the bond, of which the following, omitting the cap-
tion and certificate of approval, is a copy:

"State of Kansas, Franklin County, ss:

"Whereas, upon good cause shown, the trial of the
above-entitled cause is this 7th day of December, 1908,
postponed unto the 15th day of December, 1908, at
nine o'clock A. M., at the office of the above-named jus-
tice in said township:

"Now, we, the undersigned, residents of said county,
bind ourselves to the state of Kansas, in the sum of
two hundred dollars, that said defendant, L. N. Bur-
lingame, will appear before said justice at the time and

place appointed for said trial, then and there to an-
swer the complaint in said cause alleged against him. ⸱
                              H. B. JOHNSON,
                              O. E. DICK."

The answer of the appellees was (1) a general de-
nial, and (2) that at the time and place appointed for
the trial Burlingame appeared by counsel and de-
manded a trial, but that the county attorney objected
and refused to proceed with the trial at that time.

A trial of the issues joined was had before the court,
without a jury.   A transcript of the docket of the jus-
tice of the peace before whom the criminal action had
been pending was introduced in evidence, and it
showed that before the continuance the justice had
declared the bond forfeited, and, generally, the facts
stated in the following stipulation made by the par-
ties:

"It is agreed by and between the parties to this ac-
tion that on the 7th day of December, 1908, a crim-
inal action was commenced by the state of Kansas
against one L. N. Burlingame, before J. W. Spangler,
who was then and at all times hereinafter mentioned
a duly elected, qualified and acting justice of the peace
of Pomona township, Franklin county, Kansas; that
said action was entitled, 'The State of Kansas, Plain-
tiff, v. L. N. Burlingame, Defendant,' and that at the
commencement thereof the said county attorney filed
in said justice court of said Spangler, and with said
Spangler, a complaint in writing in six counts, in each
of which counts it was alleged, in substance, that said
Burlingame, at a date mentioned therein, in the year
1908, did, within the county of Franklin and the state
of Kansas, willfully and unlawfully barter and sell
spirituous, malt, and other intoxicating liquors with-
out taking out or having any permit to sell intoxicat-
ing liquors as provided by law; that said complaint
was duly sworn to by said county attorney, and at the
request of said county attorney said justice of the
peace thereupon issued his warrant in writing to the
sheriff of said county for the arrest of said defendant,
Burlingame, and thereupon the said sheriff on said

day at once duly served said warrant by arresting said Burlingame and bringing him before said justice of the peace, and then made his return upon said warrant and filed the same with said justice, and then and there in fact had said Burlingame in actual custody and in said court before said justice, on said December 7, 1908; that thereupon, for good cause shown, the trial of said cause was adjourned and postponed by said justice until 9 o'clock A. M., on December 15, 1908, and it was then and there, on December 7, ordered and adjudged by the said court that said Burlingame should furnish his recognizance in the sum of $200 that said Burlingame would appear before said court at said time and place appointed for said trial, then and there to answer the complaint filed against him, and in default thereof he be committed to the jail of Franklin county. Whereupon, and immediately upon the making of said order, and while said Burlingame was in the actual custody of, and held by, said sheriff, the defendants executed the bond sued upon in this action for the appearance of said Burlingame at the time and place set for said trial, and said bond was furnished on behalf of said Burlingame and approved and filed as alleged in the petition, and was executed to procure the release of said Burlingame from said sheriff; that upon the filing of said bond, and upon account of the execution of it, said Burlingame was then and there duly released from said custody; that at the time to which said trial was adjourned, to wit, on December 15, 1908, at 9 o'clock A. M., the state of Kansas appeared by said county attorney, with at least ten witnesses, ready to try said cause; that the said Burlingame appeared not, and did not attend said court or come in or to said court, or before said justice, or to the office of said justice, and could not be found; that the hour of 9 o'clock having fully arrived, said case was called for trial, and immediately thereafter said Burlingame was called by the sheriff, by order of said court, three times audibly at the front door of the office of said justice, and each of said bondsmen was called by the sheriff at said door and called to bring into court said Burlingame and save their recognizance; but said Burlingame did not come and was not brought into court, and did not appear before said justice or in his court on said day, and has never since

appeared before him, but willfully absented himself from said court; that at the time and place set for said trial, to wit, at 9 o'clock A. M. on said December 15, F. A. Waddle, a regularly practicing attorney of said county, employed by said defendant, appeared in said court as attorney for said Burlingame, and requested that a trial of said cause be had in the absence of said Burlingame, to which the county attorney objected, which objection was sustained by the court, and the cause was then continued till December 29, 1908, at 9 o'clock A. M."

. The district court gave judgment for the appellees, and the plaintiff appeals.

It will be observed that six charges were made in the complaint before the justice of the peace of separate violations of the prohibitory liquor law, and that if Burlingame had been convicted on any of the charges it would have been the duty of the justice of the peace to impose a fine of not less than $100 and a sentence of at least thirty days' imprisonment in the county jail for each offense. The bond called for the appearance of the accused at nine o'clock A. M., December 15, 1908, at the office of the justice of the peace in the township. The petition alleged that on the day prior to such 15th day of December the accused had fled from the county and never thereafter appeared. This allegation does not appear to have been agreed to in the agreed statement, nor to have been proved. The case was called at the time and place set for the appearance of the accused, and neither he nor his bondsmen appeared in person, but he appeared by attorney and demanded a trial, and the court, on the objection of the county attorney, refused to proceed and continued the case; and thereafter a third continuance was had, and the case was finally dismissed, neither the accused nor his attorney having appeared otherwise than as stated.

The sole question presented is whether in such a case the justice of the peace is bound to accept the appearance of the accused by attorney and proceed with

the trial in the absence of the accused, and the question is to be determined by the construction of sections 207 and 245 of the criminal code and section 20 of the justices' criminal code, which read:

Sec. 207. "No person indicted or informed against for a felony can be tried unless he be personally present during the trial; nor can any person indicted or informed against for any other offense be tried unless he be present, either personally or by his counsel." (Gen. Stat. 1901, § 5649.)

Sec. 245. "For the purpose of judgment, if the conviction be for an offense punishable by imprisonment, the defendant must be personally present; if for a fine only, he must be personally present, or some responsible person must undertake for him to pay the judgment and costs; judgment may then be rendered in his absence." (Gen. Stat. 1901, § 5690.)

Sec. 20. "All proceedings, including the mode of procuring and the grounds for a change of venue, upon the trial of misdemeanors before a justice of the peace, shall be governed by the provisions of the code of criminal procedure so far as the same are in their nature applicable, and in respect to which no provision is made by statute." (Gen. Stat. 1901, § 5825.)

On the part of the appellees it is contended that the appearance of the accused by his attorney, who requested that the trial proceed, was a complete satisfaction of the conditions of the bond. The converse of the proposition is insisted upon by the state; and it is contended that at most it is a matter within the discretion of the justice of the peace to proceed with the trial or not, and that in a case like the one in point, where imprisonment in case of conviction is a necessary part of the judgment, the discretion should be exercised as it was in this case.

In *Kenworthy v. El Dorado*, 7 Kan. App. 643, it was held, in a case pending before the police judge of the city, that it was error to take the forfeiture of the recognizance when the defendant appeared by attorney and demanded a trial; but that appears to have been a

case in which only a fine could be imposed as a penalty in case of conviction. That case, at any rate, does not decide the interpretation of the sections copied above. Construing sections 207 and 245, it simply held that the presence of the defendant at the time forfeiture of the bond was taken was not necessary.

It does not appear that there is any provision in the procedure before justices of the peace in misdemeanors bearing upon the question of the presence of the defendant at the time of the trial, and for the purposes of this case we shall assume that section 207 applies to such a case. Construing, then, section 207 with section 245, the question to be determined is whether a justice's court, on the trial of a case which if it result in a conviction involves the immediate imposition of a jail sentence upon the defendant, is compelled by these statutes to proceed with the trial in the absence of the defendant, when he appears only by attorney and demands a trial. In *The State v. Baxter*, 41 Kan. 516, where the trial in the district court was for assault and battery, it was held that the "personal presence of the defendant during a trial for a misdemeanor is not absolutely required." (Syllabus.) In *The State v. Ellvin*, 51 Kan. 784, it was said:

"Where the defendant, near the close of his trial for a misdemeanor, renders himself unable to attend the trial by the voluntary use of intoxicating liquors, and an application is made for a continuance of the trial upon that ground, a denial of the same will not be held to be fatal unless there is a clear abuse of discretion; and *held*, that, under the circumstances of this case, there was no abuse of discretion." (Syllabus.)

That was a trial for a violation of the prohibitory liquor law, and the presence of the defendant was treated as a matter in the discretion of the trial court. While the statutes prohibit the trial of a person on the charge of felony in his absence, and inferentially permit the trial of a defendant on a charge of misdemeanor in his absence, neither provision expressly con-

fers upon the defendant the right to be present at a
trial or the privilege of being absent therefrom. Infer-
entially section 207, which prohibits his trial for a
felony in his absence, implies a right to be present, and
inferentially, it may be said, this section implies his
right on a trial for any other offense to be absent if he
appear by attorney; but, as we have seen (*The State
v. Ellvin,* supra), the court may in its discretion pro-
ceed with the trial in his absence. For the purposes
of judgment, under section 245, if the conviction be
for an offense punishable by imprisonment, he must be
personally present; if by a fine only, judgment may be
rendered in his absence, if some responsible person
undertake for him to pay the judgment and costs.
Since the statute in no case explicitly confers the
right of the defendant to be absent on his trial for
a misdemeanor, and expressly requires his presence
when judgment is rendered therein, if the judgment be
for imprisonment, as it must have been in the case out
of which the present proceeding arose, if a conviction
had been had, we are inclined to view the matter of the
right of the accused to a hearing in his absence as
within the discretion of the court.

These statutes are to be construed with reference to
the purpose sought to be accomplished, and in view of
the history of criminal litigation. The statutes of our
state above copied substantially conform to the rule at
common law, and may almost be regarded as a re-
enactment of the common law. At common law, for
lesser misdemeanors, punishable only with a fine, the
presence of the defendant at the trial was not essen-
tial, but for misdemeanors punishable with imprison-
ment it was essential. A pertinent discussion of the
question involved is found in *Warren v. The State,* 19
Ark. 214. The following is an excerpt from the opin-
ion therein:

"The counsel for the appellant maintains that, under
these provisions of our code, as well as by the terms of

the common law, Emerson, the defendant in the indict-ment, had a right to appear by his counsel, plead to the indictment, and thus discharge his recognizance; and we are cited to several Vermont and English decisions in support of this position.

"We have examined the cases to which we have been referred by counsel, and find that they only go to the extent that a verdict may be rendered, and a judg-ment pronounced, against a defendant, upon a charge of a slight misdemeanor, without his being personally in court at the time; and this is the purport of the statute, as held in the case of *Sweeden v. The State,* ante, p. 205. We presume our statutory provision was intended to be, what it really is, declaratory of what the law was before its passage; or, in other words, it is a legislative interpretation of the law as it stood at the time. Taking our statute as being declaratory of what the law was, we feel no hesitancy in saying, in-dependent of other considerations, that it is purely a matter of discretion with the court before which a criminal prosecution for a misdemeanor is depending whether the defendant shall or shall not be permitted to answer to the indictment by attorney or agent, without personally appearing in court himself, to be ex-ercised or not according to the circumstances in each particular case; and, it being a matter of sound dis-cretion in the court, can not be controlled or reviewed by this court on error or appeal. But suppose, for the argument, that Warren had been permitted to appear for Emerson, and answer to the indictment, would that fact satisfy the condition of the recognizance in this case? We think most clearly not, and we are sus-tained in this conclusion by the very authorities to which we have been referred by the counsel for the appellant." (Page 217.)

We conclude that in misdemeanor cases in this state, where the defendant is under bond to appear and an-swer the charge at a certain day and hour, it is within the discretion of the court, if the defendant appears by counsel and requests a trial, to proceed with such trial; that if the offense is one for which imprison-ment is to be inflicted in case of conviction, the discre-tion should ordinarily be exercised by refusing to pro-

ceed with the trial. In any event, in such a case, the defendant must be present at the time sentence is pronounced. If the court be satisfied that the nature of the offense is such that in case of conviction imprisonment will not be inflicted as a penalty, the court may in its discretion try the case in the absence of the defendant, and, if some responsible person appears and undertakes for the defendant to pay the judgment and costs, the judgment also may be rendered in his absence.

It appears in this case that the court exercised its discretion properly and refused to proceed with the trial; and, the facts all appearing by agreement and the record of the court, and it appearing therefrom that the case was one in which imprisonment must have been inflicted as a part of the penalty in case of conviction, the judgment is reversed and the case is remanded, with instructions to render judgment upon the forfeited bond as prayed for.