No. 18,930.

THE STATE OF KANSAS, *Appellee*, v. A. G. SEXTON, *Appellant*.

SYLLABUS BY THE COURT.

1. TRIAL—*Application for Continuance—Illness of Defendant—Conflicting Evidence.* A denial of applications for continuance based upon a consideration of evidence abundant and conflicting is not erroneous.

2. CHANGE OF VENUE—*Prejudice of Judge.* When a trial judge is conscious that he has no prejudice against a defendant he is justified in refusing a change of venue asked for on the ground that he is prejudiced.

3. TRIAL FOR MISDEMEANOR—*Willful Absence of Defendant.* In a misdemeanor case—a continuance applied for on the ground of the defendant's physical condition having been rightfully refused—his counsel refused to plead for him, whereupon the court entered a plea of not guilty and the trial proceeded, defendant's counsel remaining and cross-examining the state's witnesses. After a verdict of guilty had been returned the defendant personally received sentence. *Held*, that his absence and failure to plead do not entitle him to a new trial.

4. CROSS-EXAMINATION—*Collateral Issues—Foundation for Impeachment.* The rule that a foundation for impeachment can not be laid by questions on cross-examination which involve collateral issues, followed.

5. NUISANCE—*Evidence—Exhibits—Consignments of Liquor Delivered to Defendant.* In a prosecution for unlawfully selling intoxicating liquor and maintaining a nuisance the state was permitted to introduce certain exhibits showing shipments of liquor by the consignors to themselves with directions to notify one of their clerks. It was shown that such clerks gave directions to the carrier to deliver the packages to a drayman who delivered them to the defendant who expressed satisfaction with the arrangement. *Held,* that such exhibits were competent.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed December 6, 1913. Affirmed.

*A. L. Wilmoth,* of Concordia, and *W. B. Leslie,* of Clay Center, for the appellant.

*John S. Dawson,* attorney-general, and *M. V. B. Van De Mark,* county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant was charged in four counts with the unlawful sale of intoxicating liquors and in the fifth with maintaining a nuisance, and was found guilty on all. A warrant was issued February 15, 1913, and on that day the defendant gave bond. On April 8 he filed a motion for continuance on the ground of physical inability to attend trial, testimony being received for and against such motion, which was overruled and the trial postponed until April 10. On the date last mentioned a change of venue was asked for on the ground of prejudice of the trial judge, and refused, whereupon application for continuance over the term was made on the ground of the defendant's physical condition and for the further reason that the court in passing upon the motion and the showing made for continuance used language prejudicial to the interest of the defendant and which would tend to prejudice the minds of the jurors against him. This was also denied and the defendant was ordered to be arraigned. Objection was made by his counsel on the ground already

The State v. Sexton.

referred to, and upon the ground that the defendant was unable to be present and plead and that the law did not authorize his attorneys to plead for him. The clerk was directed to read the information and the counsel were asked whether they would plead for the defendant, to which it was replied that they had no right so to do, whereupon the court entered a plea of not guilty as to each count. Counsel also objected to the jurymen then in the box being sworn to try the case, and objected to going to trial upon the ground of the defendant's inability to be present and plead or advise with his attorneys during the trial, and that all of the jurors then in the box except three had been present in the court room when the applications for continuance were presented, and had heard the affidavits and arguments and the remarks of the court. The objection was overruled and the trial proceeded. The defendant's counsel cross-examined the state's witnesses, but introduced no evidence after the state rested. On May 13 the defendant appeared in person and was sentenced by the court. He appeals and assigns as error the denial of the three continuances asked for, the denial of his motion for change of venue, entering the plea of not guilty in his absence, overruling his objections to proceedings before incompetent jurors, and excluding and admitting certain evidence.

Whether the three applications for continuances be considered separately or together the record shows abundant ground both for granting and for refusing. The evidence was very conflicting. A large number of physicians spoke from personal acquaintance with and examination of the defendant. Taking the testimony on his behalf alone, the court was justified in concluding that he was a physical wreck whose immediate collapse and dissolution might likely result from the excitement of a trial. Considering only the evidence on behalf of the state there was equally strong ground for holding that the defendant's claim of critical illness

was recent in fact and fictitious in character. The court having weighed all of the evidence found and said that the application was not made in good faith, and it is impossible to find any error in this conclusion.

The fact that the trial judge in denying the continuance stated its finding that the application was not made in good faith but for the purpose of delay, after a charge by the county attorney that the defendant was trying to perpetrate a fraud, the defendant deems sufficient to require the change of venue applied for. It would seem from the record that much feeling was aroused over the case and the statement had been published, and that an order had been made to bring the defendant to court if necessary in an ambulance. To deny this the trial judge made and filed his own affidavit. He said from the bench that he had no personal acquaintance with the defendant and felt that he would not know him if he should walk into the court room; that he had no knowledge of the facts in the case or of the case in any way and had no prejudice of any kind against the defendant. Certainly no one could know the state of his own mind better than the trial judge himself, and feeling that he was free from prejudice he did not err in refusing to grant the change on a ground which his own conscience told him was not true. (*The State v. Tawney,* 81 Kan. 162, 105 Pac. 218, and cases cited.)

Counsel cite certain decisions from other states to support the contention that it was error to try the defendant in his absence. However, our statute provides for that fully. "No person indicted or informed against for a felony can be tried unless he be personally present during the trial; nor can any person indicted or informed against for any other offense be tried unless he be present, either personally or by his counsel." (Crim. Code, § 207.) While in a literal sense the defendant was present by counsel, still it was by counsel who were objecting and protesting against proceeding in

his absence. There is something so repellant to the sense of justice in trying a man in his absence that the books offer few if any instances of a trial involving heavy fines and long imprisonment with the defendant not only absent, but with his counsel strenuously attempting to prevent such proceedings. In *Kenworthy v. El Dorado,* 7 Kan. App. 643, 53 Pac. 486, the defendant in a misdemeanor case was absent, and it was held error to take a forfeiture over the objections of his attorneys, who were present demanding a trial, which was not the case here. In *The State v. Gomes,* 9 Kan. App. 63, 57 Pac. 262, the defendant in a misdemeanor case with his counsel willfully absented himself from the justice court during the progress of the trial, and after the verdict of guilty had been received returned and urged that such absence was a ground for arresting the judgment, and it was held that the justice did right in overruling the motion and in sentencing the defendant. It was held in *The State v. Way,* 76 Kan. 928, 93 Pac. 159, that the right of a defendant to be present when the verdict is returned in a felony case is one which may be waived, and if he voluntarily absents himself the verdict of guilty may be lawfully received in his absence. Some authorities hold that the court may decline to recognize the withdrawal of the defendant's attorneys for the purpose of preventing a trial, the defendant being absent, but if such withdrawal be permitted the trial can not proceed. (*State v. Young,* 86 Iowa, 406, 53 N. W. 272; 12 Cyc. 527; 14 Cent. Dig. Criminal Law, § 1467.) We have then this situation: The defendant was absent, which absence the court on conflicting testimony found to be voluntary and unnecessary; he was in fact present by counsel, who, while protesting and objecting, nevertheless remained and cross-examined the state's witnesses and did not withdraw or request permission to withdraw from the case. Presumably they were present when the verdict came in, and as the defendant himself was

present when the sentence was pronounced, we fail to see any prejudice caused other than by the fault of the defendant himself.

While it is stated in the plaintiff's brief that there is no evidence that any of the jurors who were impaneled to try the case were present when the statements were made by the court touching the character of the application for continuances, the record does show, however, that the language was excepted to for the express reason that it was made in the presence of a large number of the jurors, which would prevent the defendant from having a fair and impartial trial before the jurors then in attendance upon the term; also, after the plea had been entered by the court the defendant "by his counsel, objects and protests to the present jurymen now in the box being sworn to try the issues in this case, for the reason that they are disqualified to try the issues involved in this suit"; and "for the reason that said jurors, or a large portion of them, all except three, now in the box, was present in the court room at the time and times when the applications were made to this court for a continuance of this case, and said jurors heard the affidavits now on file and a part of the record in this case; that the said jurors were present and heard the argument in behalf of the state, in which said argument the action of the defendant was criticized, and in which argument the county attorney stated that the defendant was trying to impose and perpetrate a fraud upon the court and that the applications for continuance was not made in good faith. That said jurors were in the court rooms and heard the decision of the judge of this court upon the last application for a continuance and heard the remarks made by the court with reference to the postponement and continuance of the trial." From this recital from the record and what was said upon the argument, we think it must be assumed that a part of the jurors did hear the evidence or arguments and remarks of the court,

and were impaneled to try the case after stating that they had not been disqualified by these matters. Just how his evidence and discussion of the question, taken together with the remark of the prosecutor and the expression of the court, could fail to affect the minds of any jurors present and affect them unfavorably respecting the defendant is difficult to see. It would seem that the situation was somewhat similar to that found in *The State v. Hammon,* 84 Kan. 137, 113 Pac. 418. It was there said: "Answers by these jurors to categorical questions, though doubtless intended to be truthful, are less convincing than the known nature and tendency of the human mind." (p. 140.) But, as the examination of the jurors was not brought up and we are not advised as to what challenges were made or to what extent the defendant's counsel sought to protect his rights in this matter, we are not able to say that any prejudicial error affirmatively appears.

One witness who testified for the state was upon cross-examination asked concerning alleged sales of liquor made by him within two years next preceding the trial, and his attention was called to alleged sales to certain named persons. Objections to these questions were sustained, and the defendant offered to discredit and impeach the witness and lay the foundation therefor by asking whether he had not within the last two years, in Cloud county, sold and delivered whisky to certain named persons and received and delivered shipments of liquors, which offer was refused. The theory of the defense was that if the witness denied such sales he could be impeached by proving them and showing his personal interest as a witness for the state, and that he was giving evidence upon the theory that it might cover up his own transactions. In answer to this the plaintiff asserts that the questions were not relevant to the issues and therefore could not be used in laying the foundation for impeachment. The trouble is that they

tended to bring into the case outside issues. It was the province of the jury to determine whether the defendant, not the witnesses, had sold intoxicating liquors. (*The State v. Ray*, 54 Kan. 160, 37 Pac. 996.)

Complaint is made that the court admitted in evidence exhibits Nos. 9 and 14, freight receipts for whisky consigned to Glasner and Barzen. No. 9 contained a direction to notify "Glasner and Barzen, A. Kemp," and had indorsed on the back an order from A. Kemp for the shipment to be delivered to a drayman. No. 14 shows a consignment to Glasner and Barzen, "notify L. Berger," with an indorsement signed L. Berger to deliver to the drayman, who would pay all charges before it should leave the depot. The railway agent testified that these packages were delivered to the drayman, and the latter testified that he delivered them to the defendant, who gave him orders for various shipments to be delivered to him, the drayman, by the railroad company. It appears that the defendant had told the railway agent that Kemp was a clerk, and had about the same conversation with him regarding Berger; that both these men were clerking for Glasner and Barzen in Kansas City, and that the defendant stated he had received these shipments, or rather said in respect thereto, "You need not worry about that; that is all right." It seems, therefore, that the consignments were addressed to the consignors, with directions to notify one of their clerks, who gave the order for delivery to the drayman, who turned the shipment over to the defendant, who received it and appeared to be satisfied with this method of doing business. We think these exhibits were competent.

It is urged that the court erred in proceeding without the personal arraignment of the defendant, and that his counsel had no right to plead for him. Decisions are cited to the effect that unless the right to be personally present is expressly or impliedly waived a conviction can not stand, and that counsel can not con-

sent to an arraignment and plea in the absence of the defendant. Our statutes and decisions, however, settle this matter adversely to these contentions. Section 161 of the criminal code provides that in all cases when the defendant does not confess the indictment or information to be true, a plea of not guilty shall be entered, and the same proceedings shall be had in all respects as if he had formally pleaded not guilty. In *The State v. Cassady,* 12 Kan. 550, a failure to arraign and have a formal plea of not guilty entered, the defendant being present, was held insufficient to entitle him to a new trial in a felony case, and in *The State v. Forner,* 75 Kan. 423, 89 Pac. 674, it was decided that the defendant need not be personally present in a trial for misdemeanor provided he appear by counsel, and that the failure to arraign is not a sufficient ground for a new trial. Technically a plea of not guilty is a joinder of issue with the state, but the language of the statute referred to indicates that such issue is joined as effectually when entered by the court as when made by the defendant, and it would certainly be inconsistent to hold that one could be tried in his absence and if convicted have such conviction set aside, not because thereof, but because such absence was not interrupted or preceded by his personal plea of not guilty.

On the assumption that the defendant's physical condition was as claimed by him he has suffered a great wrong. However, assuming and holding that the trial court's decision of that matter was fully justified by the evidence, and therefore correct, it inevitably follows that the defendant has brought his trouble upon himself. The law can not be defeated and the orderly administration of justice thwarted by the willful and needless absence from court of one who is charged with a misdemeanor.

A careful examination of the record, with all the points urged, fails to disclose any material error, and the judgment is therefore affirmed.