No. 46,738

STATE OF KANSAS, *Appellee*, v. SCOTT R. CADE, *Appellant*.

(502 P. 2d 782)

Opinion filed November 4, 1972.

*Roger D. Hughey*, of Smith, Shay, Farmer, and Wetta, of Wichita, argued the cause and was on the brief for the appellant.

*David P. Calvert*, Deputy County Attorney, argued the cause, and *Vern Miller*, Attorney General, *Keith Sanborn*, County Attorney, and *Mark F. Anderson*, Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from an order of the district court dismissing an appeal from a misdemeanor conviction in the court of common pleas of Sedgwick County.

On October 14, 1971, defendant-appellant entered a plea of nolo contendere to a charge of possession of marijuana (K. S. A. 65-2501, *et seq*. [Repealed, Laws of 1972, Chapter 234 (Laws of 1972, Chapter 235, amending Chapter 234)]) in the court of common pleas of Sedgwick County. Defendant's plea was accepted. He was sentenced to six months in the county jail and his appeal bond fixed at $1,000.00. On the same day defendant filed his notice of appeal to the district court.

The record discloses that defendant's case came on for docket call in the district court on December 27, 1971. Defendant did not appear, but his attorney was present and answered the call of the docket. A colloquy ensued between the court and defendant's counsel which appears in the record as follows:

"Mr. Hughey: Your Honor, can the court inquire if the defendant is present?

"The Court: Is Scott Cade in the court room, Scott Cade? He's not present.

"Mr. Hughey: Your Honor, that is for trial.

"The Court: Well, as I understand, he's not present. It's a misdemeanor?

"Mr. Hughey: Yes, it's a misdemeanor, an appeal from the court of common pleas.

"The Court: And if he's tried and convicted, there is no way that we can sentence him, is that right?

"Mr. Hughey: Well—

"The Court: The court is going to dismiss the appeal.

"Mr. Hughey: All right, Your Honor. Let the record show that we object to dismissing the appeal. We take the position he ought to have his bond forfeited and we're ready to go to trial.

"The Court: Appeal dismissed; defendant didn't appear in person."

Thus, the narrow question presented is whether the trial court on docket call abused its discretion in dismissing defendant's appeal for his failure to appear in person.

Presence of defendant under the new Kansas Code of Criminal Procedure is governed by the provisions of K. S. A. 1971 Supp. 22-3405 which read:

"(1) The defendant in a felony case shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by law. In prosecutions for crimes not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by counsel for all purposes.

"(2) The defendant must be present, either personally *or by counsel* at every stage of the trial of a misdemeanor case." (Emphasis supplied.)

Under subsection (2) it seems clear that defendant's presence by counsel is sufficient at the trial of a misdemeanor case. The state argues, however, that where—as here—the misdemeanor case is before the district court on appeal, K. S. A. 1971 Supp. 22-3405 must be read together with K. S. A. 1971 Supp. 22-3404 (1), which provides that misdemeanor cases in the district court, including appealed cases, shall be tried in the manner provided for the trial of felony cases. Thus, the state maintains defendant must be present at all stages of the trial. From this premise the state proceeds to argue the district court did not err in dismissing defendant's appeal for his failure to appear in person.

K. S. A. 1971 Supp. 22-3404 reads:

"(1) The trial of misdemeanor cases in the district court, including appealed cases, shall be in the manner provided for the trial of felony cases.

"(2) The trial of misdemeanor cases in a state court other than the district court shall be to the court unless a jury trial is requested by the defendant. Such request shall be in writing and shall be filed at least 48 hours prior to the time set for trial.

"(3) A jury in a misdemeanor case tried in a state court other than the district court shall consist of six members unless the defendant requests a jury of twelve or another number is agreed upon by the parties. The parties may agree in writing, at any time before the verdict, with the approval of the court, that the jury may consist of any number less than the number originally impaneled.

"(4) Trials in the municipal or police courts of a city shall be to the court.

"(5) Except as otherwise provided by law, the rules and procedures applicable to jury trials in felony cases shall apply to jury trials in misdemeanor cases."

K. S. A. 1971 Supp. 22-3404 prescribes the method of trial of misdemeanor cases not only in district courts but in all courts. K. S. A. 1971 Supp. 22-3405 deals with the presence of defendant and in subsection (2) specifically with the presence of defendant at the trial of a misdemeanor. The two statutes deal with different subjects, one, method of trial, the other presence of defendant. While 22-3404 (1) provides for trial of a misdemeanor in district court in the manner provided for trial of felony cases, it contains no provision pertaining to the presence of defendant. Subsection (5) of 22-3404 directs that jury trials of misdemeanor cases (in any court) shall be tried under rules and procedures applicable to jury trials in felony cases, as in the case of subsection (1) no reference is made to the presence of defendant. In other words, 22-3404 governs the method and procedure for the trial of misdemeanor cases, while 22-3405 (2), on the other hand, governs the presence of defendant. We see no inconsistency or contradiction in the statutes.

This is the first appearance of K. S. A. 1971 Supp. 22-3405 before this court, however, it is so similar in form and substance to its predecessor K. S. A. 62-1411 [Repealed, Laws 1970, Chapter 129], that decisions construing the force and effect of the first enactment may be regarded as sound and controlling precedents. (*Bishop v. Board of County Commissioners*, 188 Kan. 603, 364 P. 2d 65.)

K. S. A. 62-1411 read as follows:

"No person indicted or informed against for a felony can be tried unless he be personally present during the trial; nor can any person indicted or informed against for any other offense be tried unless he be present, either personally or by his counsel."

At the time of the decision in *State v. Johnson,* 82 Kan. 450, 108 Pac. 793, 62-1411 appeared in identical form as Sec. 207, Gen. Stat. 1901, § 5649. In considering the necessity of the personal presence of defendant in a misdemeanor trial the court had this to say:

"We conclude that in misdemeanor cases in this state, where the defendant is under bond to appear and answer the charge at a certain day and hour, it is within the discretion of the court, if the defendant appears by counsel and request a trial, to proceed with such trial; that if the offense is one for which imprisonment is to be inflicted in case of conviction, the discretion should ordinarily be exercised by refusing to proceed with the trial. In any event, in such a case, the defendant must be present at the time sentence is pronounced. . . ." (pp. 457-458.)

See, also, *State v. Hall,* 138 Kan. 460, 26 P. 2d 265; *State v. Sexton,* 91 Kan. 171, 136 Pac. 901; and *State v. Forner,* 75 Kan. 423, 89 Pac. 674.

What has been said herein does not limit the rule often stated by this court, that courts have the inherent power to dismiss a case because of failure to prosecute with due diligence, under circumstances which warrant dismissal. (*City of Ogden v. Allen,* 208 Kan. 573, 493 P. 2d 277; and *City of Wichita v. Catino,* 175 Kan. 657, 265 P. 2d 849.) The extent of our holding is that where a misdemeanor conviction has been appealed to the district court and the defendant appears by counsel, it is an abuse of discretion to dismiss the appeal on the sole ground that defendant has not appeared in person at the call of the docket.

The judgment of the district court dismissing the appeal is reversed and the cause is remanded with directions to reinstate the appeal.

It is so ordered.