(705 P.2d 564)
No. 57,353

CITY OF OVERLAND PARK, KANSAS, *Appellee*, v. NORMAN BARNETT, *Appellant*.

Opinion filed August 29, 1985.

*J. Steven Schweiker*, of Overland Park, for appellant.

*Karen Arnold-Burger*, assistant city attorney, for appellee.

Before REES, P.J., PARKS and MEYER, JJ.

MEYER, J.: This is an appeal by a defendant from a decision of the Johnson County District Court refusing to reinstate defendant's appeal from a speeding conviction.

On May 10, 1984, Norman L. Barnett, defendant, was stopped by a City of Overland Park police officer for speeding 40 mph through a 25 mph school zone. On July 11, 1984, a trial was held in the Municipal Court of Overland Park, Kansas, on the charge against defendant. The court heard the evidence and found defendant guilty. Defendant was thereafter ordered to pay a fine of $45.00.

From the decision of the municipal court, the defendant appealed to the District Court of Johnson County. At the docket call before the court on July 25, 1984, the court asked defense counsel whether this case would be tried to the court or a jury. Counsel responded that he wanted the court to hear the matter, but added that he reserved the right to request a jury trial. The court thereafter set the matter for trial to the court on August 2, 1984, at 10:30 a.m.

Defense counsel mailed a Demand for Jury Trial on July 31, 1984, which was filed in the Johnson County District Court Clerk's office on August 1, 1984, at 11:13 a.m., less than twenty-four hours before the scheduled trial on the matter.

On August 2, 1984, the city prosecutor appeared at the scheduled trial and, when both the defendant and his counsel failed to

appear, requested the court dismiss the appeal. The court stated, "The record does reflect a demand for jury trial was filed August 1, 1984, at 11:13 a.m., which is not 48 hours prior to trial. The plaintiff is ready for trial. And accordingly, the Court must sustain the motion. The case will be dismissed and remanded to the Municipal Court."

Defendant filed a motion to reinstate his appeal on August 8, 1984. On August 24, 1984, a hearing on this motion was held. The court ruled that it was questionable whether a Demand for Jury Trial mailed before the 48-hour deadline but not received until after the deadline was timely, but it ruled that the failure of both defendant and defendant's counsel to appear at the August 2, 1984, hearing was grounds for dismissal under K.S.A. 22-3405(2). On August 28, 1984, the district court overruled defendant's motion and remanded the case to the municipal court for "execution on the sentence originally imposed." From this decision, the defendant appeals.

Defendant first raises the issue of whether or not the district court had discretion to dismiss his appeal because of his failure to appear at the scheduled trial to the court. The trial court determined that K.S.A. 1984 Supp. 22-3609(4) requires a Demand for Jury Trial be *filed* with the court no later than 48 hours prior to trial, and that, as a result, defendant was late in filing his demand and the August 2 hearing was for trial and not merely to reschedule a time for jury trial. Accordingly, the court ruled, the defendant or his counsel was required to be present under K.S.A. 22-3405(2). Regardless of the construction of a statute made by a trial court, on appeal the statute may be construed and its legal effect determined by the appellate court.

K.S.A. 22-3405(2) provides as follows:

"(2) The defendant must be present, either personally or by counsel at every stage of the trial of a misdemeanor case."

This statute is concerned specifically with the presence of defendant at the trial of misdemeanor cases. Its language and meaning is clear: defendant or counsel *must* appear at *every* stage of the trial. We must determine whether this statute mandates the presence of defendant or counsel and without their appearance the case against defendant may be dismissed or, whether, without the appearance of defendant or counsel, no further proceedings therein may occur.

*City of Wichita v. Catino*, 175 Kan. 657, 265 P.2d 849 (1954), involved facts closely parallel to those of the instant case. In *Catino*, a defendant appealed his convictions from the police court of the City of Wichita to the district court. At the scheduled appeal date the defendant made no appearance either in person or by attorney and the city appeared and announced it was ready for trial. The district court dismissed the appeal for lack of prosecution on its own motion. On appeal, our Supreme Court ruled that a district court's dismissal of a case for failure of a defendant to prosecute his appeal is a matter within the trial court's discretion. The absence of defendant or counsel did not prohibit any further proceedings regarding the appeal. Although *Catino* was decided upon the court's inherent power to dismiss an appeal and predated the current statute, K.S.A. 22-3405(2), adopted in 1970, we note that our Supreme Court has not deviated from this position. See *Coutts v. Crider*, 219 Kan. 692, 698, 549 P.2d 1019 (1976). Therefore, as the right to appeal is not a constitutional right but is entirely statutory, see *City of Overland Park v. Barron*, 234 Kan. 522, 672 P.2d 1100 (1983); *City of Overland Park v. Nikias*, 209 Kan. 643, 498 P.2d 56 (1972), and because in the present case, *neither* defendant nor defense counsel appeared at the appointed time, we find no abuse of discretion by the trial court.

Defendant claims, however, that defense counsel's filing of a request for jury trial and counsel's phone calls to the city prosecutor and the court administrator's office to advise them of such made the trial on August 2, 1984, unnecessary, and so negated any need for compliance with K.S.A. 22-3405(2).

Although defense counsel phoned the city prosecutor on July 30, 1984, only a message that counsel had called was left in her office. Defense counsel made no other attempts to reach the prosecutor, nor did he leave a sufficient message regarding the purpose of his call. Regarding a phone call to the court advising it of defendant's intention to have a jury trial, the district court judge himself never received a phone call. Although a check of the matter after the fact revealed a phone call was made, the record reveals it was not made until July 31, 1984, and then was made to the court administrator's office and not the judge's office. Thus, on August 2, 1984, neither the city prosecutor nor the district court judge knew of any reason why defendant and

his counsel were absent. No request for a continuance was ever made by defendant. And although both judge and prosecutor were eventually apprised of defendant's filing of a Demand for Jury Trial, at that time both thought the request was filed too late since neither had been told counsel believed he had mailed the request within the statutory time limit and thus was operating under the belief his request was timely.

Defendant's attempt to circumvent the language of K.S.A. 22-3405(2) by claiming that, due to his Demand for Jury Trial, the August 2 appearance would have been only for the purpose of setting the matter for trial to a jury at a future date is without merit. Defendant analogizes this case to certain stages of felony cases where courts have stated a defendant's presence is not statutorily required under K.S.A. 22-3405(1). See *Deschenes v. United States*, 224 F.2d 688 (10th Cir. 1955); *State v. Knapp*, 234 Kan. 170, 671 P.2d 520 (1983); *State v. Marks*, 231 Kan. 645, 647 P.2d 1292 (1982); *State v. Sanders*, 227 Kan. 892, 610 P.2d 633 (1980).

The cases cited by defendant, however, are all felony cases concerning a defendant's absence when his counsel is present at in-chambers conferences. The instant case is inapposite. First, counsel has not shown that the inroads by the courts into a defendant's required appearance at stages of felony trials have been made in misdemeanor cases. In this regard it should be noted that in K.S.A. 22-3405(1) the wording of the statute is such that it plainly states there are exceptions to the necessity of a defendant's presence. In K.S.A. 22-3405(2), however, there is no such wording indicating the legislature intended any exceptions. Second, the cases cited by defendant all concern in-chambers conferences. The trial scheduled for August 2 was not in any way an "in-chambers" conference regarding issues of law. Third, even assuming defendant's request for jury trial was timely filed, this still does not explain why defendant's counsel did not appear at the appointed time. In all the cases cited by defendant, counsel was always present even though the particular defendant may have been absent. Thus, attempts by defendant to analogize the precise issue present in this case to in-chambers conferences in felony cases is inappropriate.

Thus, if the defendant's Demand for Jury Trial was not timely filed, the August 2, 1984, trial would have clearly been a "stage

of the trial" such that defendant's presence would have been statutorily required. Even if the demand was timely, however, the case was not automatically continued to the court's next docket call. Cases are only continued upon request by a party to an action and by the sound discretion of the court. See K.S.A. 22-3401. Moreover, had defendant's demand been timely, a jury could have been summoned and proceedings could have begun on August 2. As K.S.A. 22-3405(2) states, defendant or counsel *must* appear at *every* stage of the trial. There are no listed exceptions, thus, defendant's failure to appear was a proper ground for dismissal of the action.

The second issue raised by defendant is whether a Demand for Jury Trial under K.S.A. 1984 Supp. 22-3609(4) must be *filed* with the court not later than 48 hours prior to the trial, or whether it is sufficient that the demand is *mailed* earlier than 48 hours before trial even though it is not received by and filed with the court until some time within the 48-hour period.

K.S.A. 1984 Supp. 22-3609(4) provides as follows:

"Hearing on the appeal shall be to the court unless a jury trial is requested in writing by the defendant not later than 48 hours prior to the trial. A jury in an appeal from a municipal court judgment shall consist of six members."

This is an issue previously unaddressed by our courts. The trial court interpreted the statute and determined that K.S.A. 1984 Supp. 22-3609(4) requires a request for jury trial be filed with the court not later than 48 hours before scheduled trial. Regarding the sending of the request by mail, the court stated, "I believe that you are required to give that notice . . . three days more than 48 hours."

Once again, this court is not bound by a trial court's interpretation of a statute and may interpret it as this court desires. When interpreting a statute, a fundamental rule is that the purpose and intent of the legislature governs. *Jackson v. City of Kansas City*, 235 Kan. 278, 680 P.2d 877 (1984). In determining legislative intent, courts are not limited to mere consideration of statutory language but may look to the purpose to be accomplished by the statute and may consider the effect the statute may have under various constructions suggested. *State ex rel. Ludwick v. Board of Johnson County Comm'rs*, 233 Kan. 79, 661 P.2d 377 (1983); *Board of Education of U.S.D. 512 v. Vic Regnier Builders, Inc.*, 231 Kan. 731, 648 P.2d 1143 (1982).

Applying these rules to the statute at hand, the only plausible interpretation of K.S.A. 1984 Supp. 22-3609(4) would be that it requires a request for jury trial be *filed* with the court not later than 48 hours prior to trial. K.S.A. 1984 Supp. 22-3609 is only applicable in city court appeals. The purpose of the statute is to preserve the right to a jury trial while providing adequate notice to the court of the intent to exercise this right so that potential jurors can be requested. Obviously if a jury trial is to be conducted, some notice must be given the court so that its docket can be set. The adoption of this statute was an attempt to streamline scheduling and avoid wasted time. In addition, the rule allows both sides to come to the scheduled hearing prepared and avoids any surprises that might arise in the absence of the rule. If a party were allowed, as defendant urges herein, to simply place a request for jury trial in the mail one or two hours before the 48-hour deadline arrives, this would defeat the purpose of the rule as it would not allow the court time to reschedule, summon a jury, or notify all parties of the request in a manner which would allow them any interval of preparation. In addition, merely being allowed to state to the court that a request had been placed in the mail would make it difficult for a party to show that such a request *was* made 48 hours prior to trial. The possibility for abuse of the rule becomes readily apparent.

In sum, the court specifically asked defendant's counsel at the July 25, 1984, hearing whether he intended to request a jury or not. Counsel replied that he wanted the trial to be to the court and added that if his client wanted a jury, counsel would file a request. Counsel was thus apprised of the court's concern over scheduling. This case illustrates very clearly the need for notice to the court if a jury trial is requested. As in the instant case, if a request for a jury trial were allowed to be "in the mail" 48 hours prior to trial yet was not required to be filed with the court prior to that time, the purpose of the statute in giving notice to the court is rendered of little or no value.

We therefore hold that to satisfy K.S.A. 1984 Supp. 22-3609(4), a demand for jury trial, either oral or written, must be made of record to the court not later than 48 hours prior to trial. Our holding herein is not to be interpreted as requiring a separate document styled "Demand for Jury Trial" be filed with the court. Rather it is sufficient that no later than 48 hours before trial

some document be on file which contains a written request directed to the court's attention, or that a timely oral request be made and shown of record.

Affirmed.

REES, J., concurring: This is a municipal court misdemeanor case. It began in the Municipal Court of the City of Overland Park where defendant Barnett was charged with speeding in violation of a municipal ordinance. He was convicted and sentenced to pay a fine. He perfected an appeal to the Johnson County District Court. Subsequently, dismissal of the district court proceeding was ordered and remand of the case to the municipal court was directed. Barnett filed a motion in the district court asking for reinstatement. It was denied. Barnett has appealed.

I concur with the majority's decision to affirm, but I cannot join in their opinion. I will not undertake a substantial recitation of my disagreements since it is obvious that there is no prospect that such recitation would achieve a productive result in this case.

As I see it, the material facts of this case include these: Barnett was convicted in the Overland Park municipal court on July 11, 1984 and sentenced to pay a fine. His timely appeal to the district court was filed and "docketed" in the office of the Johnson County District Court Clerk on July 23. Two days later, on July 25, Barnett first appeared, by counsel, before the district court; the case was set for trial to the court on August 2 at 10:30 a.m. At the appointed hour on August 2, the City appeared and announced its readiness for trial; Barnett did not appear either personally or by counsel; the district court immediately ordered dismissal of the proceeding before it and directed remand of the case to the municipal court for execution of the previously imposed sentence. Then, on August 8, Barnett filed a motion for reinstatement of the district court proceeding. The motion was argued to the district judge and denied on August 24. In his argument to us, defense counsel reasserts part of his argument made in the district court in support of the motion to reinstate.

Statutory provisions material to this case are:

K.S.A. 12-4601:

"**Appeal; stay of proceedings.** An appeal may be taken to the district court in the county in which said municipal court is located:

"(a) By the accused person in all cases; . . .

. . . .

"The appeal shall stay all further proceedings upon the judgment appealed from."

### K.S.A. 12-4602:
"Same; procedure. An appeal to the district court may be taken as provided in K.S.A. 22-3609. . . . Hearing and judgment on appeal shall be as provided in K.S.A. 22-3610 and K.S.A. 22-3611."

### K.S.A. 1984 Supp. 22-3609:
"(1) The defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas. . . . The appeal shall stay all further proceedings upon the judgment appealed from.

. . . .

"(4) Hearing on the appeal shall be to the court unless a jury trial is requested in writing by the defendant not later than 48 hours prior to the trial." (L. 1983, ch. 115, § 1.)

### K.S.A. 1984 Supp. 22-3610:
"(a) When a case is appealed to the district court, such court shall hear and determine the cause on the original complaint . . . . The case shall be tried *de novo* in the district court." (L. 1982, ch. 144, § 20.)

### K.S.A. 22-3405:
"Presence of defendant.' . . .

"(2) The defendant must be present, either personally or by counsel at every stage of the trial of a misdemeanor case."

### K.S.A. 22-3611:
"Judgment on appeal. If upon appeal to the district court the defendant is convicted, the district court shall impose sentence upon him and render judgment against him for all costs in the case, both in the district court and in the court appealed from."

It is of passing interest to observe that the "48-hour rule" found in K.S.A. 1984 Supp. 22-3609(4) also appears in K.S.A. 22-3404, the Code of Criminal Procedure section prescribing the method of trial of misdemeanor cases (*State v. Cade*, 210 Kan. 544, 546, 502 P.2d 782 [1972]), but inexplicably it does not appear in K.S.A. 22-3609a or K.S.A. 1984 Supp. 22-3609a. The subject of K.S.A. 22-3609a and K.S.A. 1984 Supp. 22-3609a is appeals from district magistrate judges. The statutory direction there is that all appeals taken by a defendant from a district magistrate judge in misdemeanor cases shall be tried by the court unless a jury trial is requested in writing by the defendant. K.S.A. 22-3609a(5); K.S.A. 1984 Supp. 22-3609a(5).

In his brief, defense counsel sets forth the issues raised on appeal as follows:

"I. Is a traffic trial to the court setting a 'stage of the trial' pursuant to K.S.A. 22-3405(2) requiring the presence of defendant or counsel if a jury trial previously has been demanded?"

"II. Does the language 'hearing on the appeal shall be to the court unless a jury trial is requested in writing not later than 48 hours prior to the trial,' contained in K.S.A. [1984 Supp.] 22-3609(4), require the request to be filed 48 hours prior to trial?"

As for the first issue, K.S.A. 22-3405(2) calls for a misdemeanor defendant's appearance "either personally or by counsel at every stage of the trial" of his case. I suggest that the ordinary and true meaning of the word "trial" is the judicial hearing where the issue of guilt or innocence is determined. *Cf. Cooper v. State*, 196 Kan. 421, 425-26, 411 P.2d 652 (1966); *State v. Daegele*, 193 Kan. 314, 316, 393 P.2d 978 (1964), *cert. denied* 379 U.S. 981 (1965). I see no reason for the word "trial" to have other meaning when used in K.S.A. 22-3405(2). I am discomforted by and in disagreement with that part of the majority opinion that seems to interpret the statutory phrase "every stage of the trial" so broadly as to encompass the happening of procedural events essentially administrative in nature, *e.g.*, the assignment of a trial setting.

As for the second issue, the language of K.S.A. 1984 Supp. 22-3609(4) plainly sets forth two requirements imposed upon a defendant to afford him entitlement to jury trial in the district court. Jury trial must be (1) requested in writing by the defendant (2) not later than 48 hours prior to the trial. It is clear that compliance with *both* requirements is necessary. There must be a request that is both written and timely.

The foundation assertion made in Barnett's argument with regard to the second issue is that "jury trial was requested in writing at the time it was mailed, which was more than 48 hours prior to trial." I simply do not find support for the second part of that assertion in the record.

Trial to the court had been set for 10:30 a.m. on August 2. On July 31, defense counsel mailed the original copy of the written request to the Johnson County District Court Clerk and a copy of the written request to the Overland Park assistant city attorney handling the case. The record establishes that the original copy of the request was filed in the office of the Johnson County District Court Clerk on August 1 at 11:13 a.m. This was the day

after mailing and less than 24 hours prior to the time that had been set for trial to the court.

At best, defense counsel's representation of the record and endorsed certificate of mailing support a conclusion that the original copy and the assistant city attorney's copy of the written request were mailed on July 31, the second day preceding the date set for trial to the court. The record is devoid of any showing, by evidence or representation, that fixes the hour of the day on July 31 when the copies of the written request were deposited in a United States Postal Service facility for transmittal. Whether the written request was mailed earlier than 10:30 a.m. on July 31, or later than 10:30 a.m. on July 31, is wholly incapable of direct or inferential determination from the record.

Before we can set aside a judgment it must be affirmatively made to appear that such judgment is erroneous. The burden is on the appellant to designate a record sufficient to present his points to the appellate court, and to establish the claimed error. On appeal, error is never presumed and the burden is on the appellant to make it affirmatively appear. It is incumbent upon the appellant to include in the record on appeal any matter upon which he wishes to base a claim of error. *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, 602, 647 P.2d 1268 (1982). Neither counsel's argument before the trial court nor assertions in the appellate briefs constitute evidence or remedy the inadequacy of the record on appeal. *Rural Water Dist. No. 6 v. Zeigler Corp.*, 9 Kan. App. 2d 305, 310-11, 677 P.2d 573, *rev. denied* 235 Kan. 1042 (1984).

In sum, on the record presented to us, it is my opinion that on Barnett's behalf there has been no affirmative showing made that a jury trial was *timely* requested in writing. Even if we were to agree with defense counsel that under K.S.A. 1984 Supp. 22-3609(4) a jury trial is requested in writing when the written request is mailed, the record fails to establish that in this case, the written request was mailed "not later than 48 hours prior to" 10:30 a.m. on August 2, the assigned time for trial. To me, this is dispositive.

When the district court proceeding came on for trial on August 2 and Barnett's motion to reinstate was heard on August 24, other matters and questions were discussed and ruled upon. Even though I agree with the majority that a jury trial request made on the record in open court should constitute sufficient substantial

compliance with the "48-hour rule" requirement of a written request, in light of my conviction that we can and should affirm on the ground the record does not show a timely request for jury trial, I view it as both unnecessary and inappropriate to address other factual and legal questions. Whether Barnett became entitled to a district court jury trial by operation of K.S.A. 1984 Supp. 22-3609(4) lies at the heart of our decision in this case. The district court decided Barnett was not entitled to a jury trial. The failure to establish on appeal that as a matter of law he had perfected that entitlement fatally subverts Barnett's arguments to us for reversal. The reasons given by the district court for its decision are immaterial so long as its ruling was correct for any reason. *Arensman v. Kitch*, 160 Kan. 783, 792, 165 P.2d 441 (1946). The question for our answer is whether the district court decision was correct, not whether the grounds upon which it professed to proceed are tenable. *Johnson v. Boeing Airplane Co.*, 175 Kan. 275, 283, 262 P.2d 808 (1953).