NOT DESIGNATED FOR PUBLICATION

No. 120,248

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA,
*Appellee*,

v.

ALICIA JACOBS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed February 7, 2020. Reversed and remanded with directions.

*Gerard C. Scott*, of Wichita, for appellant.

*Jan Jarman*, assistant city attorney, and *Jennifer Magaña*, city attorney, of Wichita, for appellee.


Before SCHROEDER, P.J., MALONE and STANDRIDGE, JJ.


PER CURIAM: Alicia Jacobs appeals the district court's dismissal of her municipal court appeal for her battery conviction. She argues the district court abused its discretion in dismissing her appeal and denying her motion to set aside the dismissal and reinstate her appeal. We agree with Jacobs. The district court abused its discretion when it dismissed her municipal court appeal. Based on our decision, it is unnecessary for us to address her second claim. Reversed and remanded with directions to reinstate Jacobs' municipal court appeal.

1

FACTS

Jacobs was convicted and sentenced for misdemeanor battery in the City of Wichita Municipal Court. Jacobs timely appealed to the Sedgwick County District Court. During the pendency of her appeal, she had eight court appointed attorneys for reasons not fully explained in the record. Jacobs' seventh court appointed attorney was assigned to represent her in April 2018. In June 2018, a jury trial date was set for September 4, 2018. On July 23, 2018, Jacobs' counsel filed a motion to withdraw, which was granted on August 1, 2018.

New counsel was not appointed until August 23, 2018—12 days before the jury trial date on September 4th. Jacobs' jury trial was still set to occur. A notice of appointment of counsel was mailed to Jacobs; however, it was sent to an incorrect address. Jacobs did not learn she had been appointed a new attorney until he contacted her by phone. Jacobs' attorney indicated he needed to meet with her, and they briefly discussed their intent to have the trial date continued.

Jacobs had an appointment to meet with her attorney before her trial. However, she arrived at her attorney's office about 10 minutes late because she had been at a physical therapy appointment that ran longer than expected. She stayed outside her attorney's office when she arrived and called to see if she could speak with him. However, she was not able to speak with him by phone, and he did not come out of his office to meet with her. But Jacobs did not go into his office.

Jacobs' attorney appeared for the jury trial on September 4, 2018. Jacobs did not appear, and she had not met with her attorney prior to trial. The register of actions on September 4, 2018, indicates no record was taken of the proceedings; however, it states the case was "[c]ontinued by Defendant" with a new trial date set for October 29, 2018. Yet, the register of actions before the entry setting a new trial date reflects the district

2

court dismissed Jacobs' appeal on September 4, 2018, and on September 6, 2018, the district court dismissed the October 29, 2018 jury trial setting. Jacobs filed a pro se motion to set aside the dismissal and reinstate her appeal. The district court held a hearing on her motion.

Jacobs presented the motion pro se. However, Jacobs' attorney was present at the hearing but was not called as a witness by Jacobs or by the City. The record is not clear why he did not present the motion or even why he attended the hearing. However, the district court asked him where his office was located. The district court relied on his answer in determining his office was "not close by" the location of Jacobs' physical therapist's office. Jacobs testified and argued on her own behalf but did not present any additional evidence or witnesses. The City indicated it had subpoenaed Jacobs' previously appointed attorney who withdrew from the case on August 1, 2018. However, it decided not to call her as a witness. Instead, the City relied solely on its questioning of Jacobs.

Jacobs testified her previous attorney did not tell her about the September 4, 2018 jury trial date, which had been set on June 11, 2018. There was no indication as to when Jacobs was informed her previous attorney withdrew from the case. Jacobs testified her previous attorney never told her she was withdrawing; rather, Jacobs "got that paper from the courts." And Jacobs testified she first learned of the jury trial date when her newly appointed attorney contacted her by phone.

Jacobs' explanation for why she failed to appear at trial was not clear from the record. However, Jacobs stated she was aware of the trial date and believed her new attorney would get it continued. Yet, she admitted her new attorney had not told her it had been continued and had not said she did not need to be present.

The district court denied Jacobs' motion to reinstate her appeal, finding there were "numerous times" Jacobs had not shown up for court or appointments with her attorneys,

3

and Jacobs had "had eight attorneys." The district court further stated: "[T]here was a court date on September 4th. You have to come to court. It's not—it is not an invitation. You have to come to court." The district court's written order stated Jacobs was aware of her trial date but failed to appear; it was the second time Jacobs failed to appear for a jury trial; and Jacobs had "demonstrated a history of missing court dates" and appointments with her attorneys.

ANALYSIS

Jacobs argues the district court erred in dismissing her appeal and subsequently denying her motion to set aside the dismissal and reinstate the appeal. The district court's decision to dismiss an appeal is reviewed for an abuse of discretion. *State v. Cade*, 210 Kan. 544, 545, 502 P.2d 782 (1972). A judicial action constitutes an abuse of discretion if it is: (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Jacobs alleges the district court abused its discretion based on an error of fact and law. An error of fact occurs when "substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). An error of law occurs when the district court's exercise of discretion is guided by an erroneous legal conclusion. *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010).

Jacobs argues the district court committed an error of law when it dismissed her appeal based on her failure to personally appear for the September 4, 2018 jury trial. She relies on K.S.A. 2018 Supp. 22-3405(b), which provides: "The defendant must be present, *either personally or by counsel*, at every stage of the trial of traffic infraction,

cigarette or tobacco infraction and *misdemeanor cases*." (Emphases added.) She further relies on *Cade*, which held, "where a misdemeanor conviction has been appealed to the district court and the defendant appears by counsel, it is an abuse of discretion to dismiss the appeal on the sole ground that defendant has not appeared in person at the call of the docket." 210 Kan. at 547.

The sole basis set forth in the district court's journal entry of dismissal was "[Jacobs] fail[ed] to appear." Standing alone, this is a legally erroneous basis for dismissal because counsel appeared on Jacobs' behalf. See *Cade*, 210 Kan. at 547. The district court's statement at the motion hearing, "[y]ou have to come to court. It's not—it is not an invitation. You have to come to court," is an error of law contrary to K.S.A. 2018 Supp. 22-3405(b). And nothing in the record indicates the district court explicitly ordered Jacobs to personally appear for the September 4, 2018 jury trial.

The City argues *Cade* is distinguishable because Cade's attorney indicated he was ready for trial without Cade present and objected to the dismissal of the case. The City asserts "[Jacobs'] attorney signed the journal entry of dismissal and did not note any type of objection." The City cites to the journal entry of dismissal, which was signed by Jacobs' attorney. But the journal entry is silent as to whether he objected and there was no record taken of the proceedings. The register of actions only states the jury trial was "[c]ontinued by Defendant"—apparently by Jacobs' attorney because Jacobs was not present. In the limited record before this court, the evidence suggests Jacobs' counsel did not acquiesce, consent to, or expressly waive an objection to the dismissal of the appeal because there was an attempt to continue the case as reflected in the register of actions. Since we have found the district court's findings reflect an error of law, we need not address any errors of fact to find the district court abused its discretion when it dismissed Jacob's municipal court appeal.

5

The City also fails to consider that the appeal from the municipal court to the district court caused the case to start anew. The City had the burden of proof before the district court and could have asked to go forward with the jury trial without the defendant being present because her attorney was present. It appears from the record the City did not ask to proceed with the jury trial as set and seemed to have believed it was necessary for the defendant to be present regardless of the provisions of K.S.A 2018 Supp. 22-3405(b). See K.S.A. 2018 Supp. 22-3609(d) (Trial of municipal court appeals to the court or a jury trial if defendant timely requests a jury trial.); see also *Frick v. City of Salina*, 289 Kan. 1, 26, 208 P.3d 739 (2009) (Johnson, J., concurring) ("trial in district court starts from scratch; the evidence must be presented anew, live and in person.").

We agree the better practice would have been for Jacobs to appear for the jury trial she requested, but the fact she did not personally appear was a legally erroneous reason to dismiss her municipal court appeal. The district court made an error of law; thus, Jacobs has met her burden to show the district court abused its discretion in dismissing her appeal to the district court. With this decision, we find it unnecessary to address Jacobs' additional claims that the district court made an error of fact in denying her motion to reinstate her appeal and the dismissal of her appeal violated her right to a jury trial.

Reversed and remanded with directions to reinstate the municipal court appeal.